UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80242-CV-Hurley/Hopkins
(Criminal Case No. 14-80105-CR-Hurley)

DANA E. TUOMI,

    Plaintiff,

vs.

UNITED STATES OF AMERICA

## GOVERNMENT'S ANSWER TO MOTION FOR COLLATERAL REVIEW

The United States respectfully opposes Dana E. Tuomi's motion for collateral review (D.E. 1).

1On June 10, 2014, Tuomi was charged by information with two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Crim. D.E. 11. On August 7, 2014, he pled guilty to one of those counts. Crim. D.E. 22, 23.

Under section 4B1.1 of the Sentencing Guidelines, a career offender is subject to certain enhancements to his offense level and criminal history category. in order to qualify as a career offender, among other things, the defendant must have two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Tuomi was sentenced on November 4, 2014. At that time, the Guidelines defined "crime of violence" as a felony that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2014). Subsection (1) is generally known as the elements clause. The first half

of subsection (2) ("is burglary of a dwelling, arson, or extortion, involves use of explosives") is known as the enumerated-crimes clause. The second half of subsection (2) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"), which has been removed from the guideline since Tuomi was sentenced, was known as the residual clause.

On December 22, 2006 and again on July 20, 2012, Tuomi was convicted of the Florida offense of fleeing and eluding. Crim. D.E. 33 ¶¶ 54, 55. Based on these convictions, the presentence report concluded that Tuomi was a career offender. Crim. D.E. 27 ¶ 22. Tuomi did not object to this conclusion. As a career offender, Tuomi's incarceration range was 151-188 months. Crim. D.E. 27 ¶ 92. The Court sentenced him to 132 months' incarceration. Crim. D.E. 27 ¶ 31.

On appeal, Tuomi argued for the first time that the residual clause of the career offender guideline was unconstitutionally vague. Crim. D.E. 44:4. The court of appeals rejected this argument and affirmed Tuomi's conviction. Crim. D.E. 44:4-5.

The Supreme Court denied Tuomi's petition for a writ of certiorari on November 30, 2015. *Tuomi v. United States*, 136 S.Ct. 537 (2015). On December 16, 2015, Tuomi petitioned for reconsideration of the denial of his petition for certiorari. On February 29, 2016, the Supreme Court denied the petition for rehearing. *Tuomi v. United States*, 136 S.Ct. 1250 (2016). On February 27, 2017, Tuomi filed the instant motion for collateral review, arguing that the residual clause of the career offender guideline is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).

*Johnson* concerned the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. 924(e). A conviction for possession of a firearm after conviction for a felony, in violation of 18 U.S.C. § 922(g)(1), ordinarily exposes the offender to a statutory maximum sentence of ten years'

2

imprisonment. *See* 18 U.S.C. § 924(a)(2). If, however, the offender has at least three prior convictions for a "violent felony" or a "serious drug offense," then the ACCA requires a minimum sentence of 15 years of imprisonment and permits a maximum sentence of life imprisonment. *See Logan v. United States*, 552 U.S. 23, 26 (2007); *Custis v. United States*, 511 U.S. 485, 487 (1994). In addition, the Sentencing Guidelines include enhancements to an armed career criminal's offense level and criminal history category. *See* U.S.S.G. § 4B1.4. The ACCA defines a "violent felony" to include

> any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. 924(e)(2)(B). Like former section 4B1.2, section 924(e)(2)(B) included an elements clause, an enumerated-crimes clause, and a residual clause. In *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague and, consequently, "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

As described above, Tuomi was held to be a career offender in light of two prior Florida convictions for fleeing and eluding law enforcement. In *Sykes v. United States*, 564 U.S. 1, (2015), the Supreme Court held that a similar Indiana statute did not qualify as a violent felony under the ACCA's elements or enumerated crimes clause, but that it did qualify under the residual clause. Tuomi does not deny that, in light of *Sykes*, fleeing and eluding also qualified as a crime of violence under the residual clause of section 4B1.2(a) of the 2014 Guidelines. Rather, Tuomi argues that, in light of *Johnson*, the Guidelines residual clause is also void for vagueness. In his motion, Tuomi

recognized that the Eleventh Circuit held in *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), that *Johnson* did not apply to the Sentencing Guidelines, and that, in light of Matchett, he would not be entitled to relief. But Tuomi asked the Court to stay ruling on his motion until the Supreme Court ruled in *Beckles v. United States*, No. 15-8544, which was then pending. Tuomi suggested that *Beckles* might abrogate *Matchett*, at which point he believed he would be entitled to resentencing. D.E. 1:6.

Earlier today, the Supreme Court decided *Beckles*. The Court held that held that, because the advisory Sentencing Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentencing within the statutory range," they "are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, ___ U.S. ___, No. 15-8544 (March 6, 2017), slip op. at 5. *Beckles* is dispositive of Tuomi's motion, as Tuomi recognized it would likely be. Far from abrogating *Matchett*, *Beckles* confirmed its holding. Because *Johnson* has no bearing on the career offender guideline, and because Tuomi was sentenced only as a career offender, not as an armed career criminal, this Court should deny Tuomi's motion.

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

          By:  s/ Marc Osborne
             Assistant United States Attorney
             Court ID# A5500796
             500 S. Australian Avenue, Suite 400
             West Palm Beach, Florida 33401
             Tel: (561) 209-1014
             marc.osborne@usdoj.gov

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 6, 2017, I will cause the foregoing to be filed electronically with the Clerk of the Court.

s/ Marc Osborne  
Assistant United States Attorney